[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have appealed the decisions of the Bridgeport Zoning Board of Appeals granting a Certificate of Approval of Location and a waiver of hearing requirements for the premises known as 878 Reservoir Avenue, Bridgeport.
The premises had been previously approved for a general repairer's license on April 11, 1989. That approval was appealed and dismissed after a hearing March 15, 1990 before Judge Harold Dean. The applications before this court were granted by the Board on September 26, 1990 and its decisions published in The Bridgeport Post, Sunday, September 30, 1990.
The plaintiffs are found to be aggrieved for the purpose of bringing this appeal.
The plaintiffs claim that the granting of said petitions were illegal, arbitrary and an abuse of discretion vested in the Board.
The first claim is that a motor vehicle repair shop is not a permitted use in an A-Residence Zone. This claim is not appropriate to the property in question, since this property is a non-conforming use, and therefore this claim cannot be successful.
The next claim is that the premises had not been used for auto repair for more than a year. The dismissal of the previous appeal to the approval of location on or after March 15, 1990 CT Page 11722 and the approval of this application on September 26, 1990 would contradict this claim since the pending appeal would have tolled the limitation of time for non-use.
The next claim is for failure to publish notice of the hearing on the subject petitions. Since this was a previously approved location, Section 14-55 of the Connecticut General Statutes provides that a Board, in its discretion, may waive the requirement of a hearing. Such a waiver was granted by the Board.
The next claim is that the Board failed to publish notice of its decision. The minutes in the return of record indicate that the decisions of the Board on September 26, 1990 were published in The Bridgeport Post, Sunday, September 30, 1990. There being no evidence to the contrary, notice is found to have been published.
The final claim is that the Board had denied an approval of location for said premises four months prior to September 26, 1990 and therefore could not reverse itself without showing a change of conditions. The short answer is a new applicant for approval of location is a change of conditions. Approval of locations do not run with the land, but relate not only to the premises but also to the applicant. Therefore, this claim is without merit.
The plaintiffs have failed to sustain their burden of proving that the Board's actions were illegal, arbitrary or an abuse of the discretion vested in the Board.
For the foregoing reasons, Plaintiffs' appeal is dismissed.
STODOLINK, JUDGE